IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jose Rivera-Dides, | ) |
|                 Plaintiff, | ) C/A No. 4:18-01293-TMC |
| v. | ) **ORDER** |
| Mr. Romero, Mr. Neo, Mr. Casey, Mr. E. Suarez, Federal Bureau of Prisons, Mr. Jones, and Mr. Duane P. Donovan, | ) |
|                 Defendants. | ) |

Plaintiff Jose Rivera-Dides, proceeding pro se, filed this action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF No. 1).[1] In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the Magistrate Judge's Report and Recommendation ("Report"), recommending that the court summarily dismiss without prejudice this action. (ECF No. 7). Plaintiff timely filed objections to the Report. (ECF No. 9).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court

---

[1] In *Bivens*, the Supreme Court established a cause of action against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983.

reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The magistrate judge sets out the facts and background in detail in his Report. (Report at 3-5). Briefly, Plaintiff alleges that he was working as an inmate plumber at the Federal Correctional Institution ("FCI") in Miami when he and two other inmates were told to respond without a supervisor to an emergency call regarding a clogged toilet. (ECF Nos. 1 at 9; 1-1 at 1). The inmates discovered a cell phone was causing the blockage. (ECF No. 1-1 at 1-2). Plaintiff alleges that while he was replacing the toilet, one of the other inmates rinsed the phone off and placed it in the tool box with the intention of giving it to the supervisor once they returned to the workshop. (ECF No. 1-1 at 2). On the way back to the workshop, Defendant Lt. Neo stopped them, searched the toolbox, and found the phone. *Id.* Plaintiff alleges he explained to Lt. Neo that the phone had been discovered in the clogged toilet, but an investigation was begun with the end result being that Plaintiff was disciplined for failing to turn the phone over to the officer in charge of the unit where the toilet was clogged. (ECF No. 1-1 at 3). Plaintiff was sanctioned with a loss of forty days of good time credit and eight months of computer time and placement in the Specialized Housing Unit ("SHU"). *Id*.

At some point, Plaintiff alleges that he was transferred to FCI-Williamsburg and placed in SHU for another eight days in retaliation for filing a grievance. (ECF Nos. 1 at 9-10; 1-1 at 4-5). Plaintiff further alleges that because of this disciplinary conviction he was not allowed to transfer back to FCI-Miami, where he alleges that he could participate in the only Spanish drug program available in the BOP. (ECF No. 1-1 at 5). Plaintiff states he is seeking the restoration of the forty days of good time and damages based upon his inability to complete an RADP program, which he

2

contends caused him to have to serve "one more year in jail." (ECF No. 1 at 7).[2]

The magistrate judge noted that in regard to his *Bivens* claims, Plaintiff has sued the Defendants only in their official capacities, and thus his claims are subject to summary dismissal. (Report at 6).[3] He then stated that, even if Plaintiff amended his complaint to sue the Defendants in their individual capacities, the claims are still subject to dismissal as Plaintiff failed to exhaust his administrative remedies. *Id.* Further, the magistrate judge determined that, if Plaintiff's complaint was liberally construed as stating a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq., Plaintiff also failed to exhaust his administrative remedies under the FTCA. (Report at 7).[4]

In his objections, as to his *Bivens* claims, Plaintiff admits that he did not complete exhaustion

---

[2] Pursuant to 18 U.S.C. § 3621(e)(2)(B), the BOP has the discretion to grant early release to prisoners who successfully complete a residential drug treatment plan. 18 U.S.C. 3621(e)(2)(B) (stating that the period of custody "may be reduced" by the BOP). However, federal prisoners have no constitutional or inherent right to participate in rehabilitative programs while incarcerated. *See Moody v. Daggett*, 429 U.S. 78, 88, n.9 (1976) (holding that no due process protections were required in regard to eligibility for rehabilitative programs in the federal system). Likewise, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex.*, 442 U.S. 1, 7 (1979); *see also, Meachum v. Fano*, 427 U.S. 215, 225 (1976).

[3] Plaintiff's claim regarding his loss of good time credits should have been construed as a habeas claim. But, in any event, Plaintiff's claim would still be dismissed for failure to exhaust. Moreover, Plaintiff's habeas claim as to the loss of good time credits is now moot as he states in his objections that the disciplinary conviction was expunged from his record and the good time credits were restored. (ECF No. 9 at 1).

[4] The magistrate judge also found that these claims are subject to summary dismissal because the United States is the only proper defendant in an FTCA claim, and Plaintiff failed to set forth any injuries in the injury section of the complaint. (ECF No. 8-9). While this is true, these deficiencies could be remedied with an amendment to the complaint. The court declines to address these issues, however, as the complaint is subject to dismissal for failure to exhaust administrative remedies.

as to his claim regarding the RADP program, but he contends he did exhaust his administrative remedies as to his disciplinary and he "won the last decision." (ECF No. 9 at 2). He states that his disciplinary conviction was expunged from his records and forty days of good time credit were restored. (ECF No. 9 at 1). Further, he states that he is filing a Form 95 and, thus, is in the process of exhausting his remedies as to any FTCA claim. (ECF No. 9 at 2).

Failure to completely exhaust administrative remedies before filing an FTCA claim is a jurisdictional defect that cannot be cured by administrative exhaustion after suit is filed. *McNeil v. United States*, 508 U.S. 106, 122 (1993). When a plaintiff fails to follow the statutory exhaustion requirements, a federal district court lacks subject matter jurisdiction over the claim. *See Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990); *see also McNeil,* 508 U.S. at 113.

Accordingly, based on the foregoing, the court adopts the report and recommendation (ECF No. 7), and Plaintiff's claims are **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

October 9, 2018
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.